# United States District Court
### for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Stephen A. Smith                  Case Number: A03-123-3 CR (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       June 15, 2004

Original Offense:                Conspiracy

Original Sentence:               41 months jail with five years supervised release

Date Supervision Commenced:      November 10, 2005

Asst. U.S. Attorney: Stephan Collins               Defense Attorney: Lance Wells

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on November 16, 2005, the defendant was arrested for Felony Driving Under the Influence and Driving While License Suspended. This violation is a Grade B violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on November 16, 2005, the defendant provided a breath sample that revealed a breath alcohol content of .207. This violation is a Grade C violation. |

*Name of Offender*   :   *Stephen A. Smith*
*Case Number*        :   *A03-123-3 CR (JWS)*

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

*Travis Lyons*
U.S. Probation/Pretrial Services Officer
Date: February 24, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[X]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender*      :   *Stephen A. Smith*
*Case Number*           :   *A03-123-3 CR (JWS)*

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

2-27-06

Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>vs.                                )<br>)<br>Stephen A. Smith                  )<br>) | Case Number: A03-123-3 CR (JWS)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of for Stephen A. Smith, and in that capacity declare as follows:

On June 15, 2004, the above named defendant was convicted of Conspiracy and sentenced to 41 months jail with five years supervised release. The defendant's supervised release started on November 10, 2005.

On November 16, 2005, the defendant was involved in a single vehicle accident, as the vehicle he was driving struck a light pole. Anchorage police officers responded to the accident and noted signs of alcohol intoxication. The defendant later submitted a breath sample, which revealed a alcohol-breath content of .207. The defendant's driver's license was also suspended at the time of his accident.

The defendant was convicted of the DUI on or about January 11, 2006.

Executed this 24th day of February, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_____
Travis Lyons
U.S. Probation Officer
District of Alaska