# United States District Court
### for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Stephen A. Smith     Case Number: A03-123 CR (JKS)

Sentencing Judicial Officer:    John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:    June 15, 2004

Original Offense:    Conspiracy

Original Sentence:    41 months, 5 years supervised release

Date Supervision Commenced:    November 10, 2005

Asst. U.S. Attorney: Stephan Collins     Defense Attorney: Richard Curtner

**RECEIVED AUG 1 0 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.**

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that On July 26, 2007, the defendant was contacted by APD due to a domestic disturbance. The presence of alcohol was detected on the defendant's person and he provided a breath sample of .258. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on July 30, 2007, the defendant was contacted by APD due to a domestic disturbance. The defendant showed signs of being intoxicated and was described as having slurred speech, red/wattery eyes, and had an odor of alcohol on his breath. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 11, "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer," in that On July 30, 2007, the defendant had law enforcement contact with APD due to a domestic disturbance. The defendant failed to notify the probation officer about that contact. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on August 6, 2007, the defendant was a passenger in a vehicle that was stopped by APD. The defendant was with Sedric O. Williams (DOB 01/08/1979), who is a known convicted felon. This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that On August 6, 2007, the defendant was with Sedric Williams, who was in possession of cocaine powder and crack cocaine. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: August 9, 2007

*Petition for Warrant or Summons*
*Name of Offender          :     Stephen A. Smith*
*Case Number               :     A03-123 CR (JKS)*

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

8-9-07

Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: A03-123 CR (JKS) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Stephen A. Smith ) | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Stephen A. Smith, and in that capacity declare as follows:

On June 15, 2004, the defendant was sentenced to 41 months imprisonment and five years supervised release for Conspiracy. Some of his conditions included that he not drink alcohol to excess, commit no new crimes, report any law enforcement contact, and not associate with anyone committing a criminal act or a convicted felon. The defendant started his initial term of supervised release on November 10, 2005.

On November 16, 2005, the defendant was arrested for felony DUI. The defendant was convicted of that charge on January 11, 2006, and was sentenced to 33 months jail with 25 months suspended.

As a result of his conviction the defendant's supervised was revoked on June 8, 2006, and he was sentenced to four months jail followed by four months in the Cordova Center and a new term (48 months) of supervised release was imposed. The defendant started his new term of supervised release on February 2, 2007.

On July 26, 2007, the defendant had contact with Anchorage Police Department (APD) as a result of a domestic issue. The defendant was intoxicated at the time and provided a breath sample on a Portable Breath Test (PBT) of .258. The officer described the defendant's condition as having slurred speech, red/wattery eyes, and an odor of alcohol around his person and on his breath.

On July 30, 2007, the defendant again had contact with APD due to a domestic disturbance. The defendant showed signs of intoxication and was described as having slurred speech, hard to understand, red/wattery eyes, smelled of alcohol on his breath, swayed when he stood up, and had glassy eyes and stared.

On August 6, 2007, the defendant was a passenger in a vehicle involved in a traffic stop by APD. The driver of the vehicle was Sedric Williams (DOB 01/08/79). Williams is a known felon and was recently on federal probation. In addition, Williams had both crack and powder cocaine on his person.

Executed this 8th day of August, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
_____
Travis Lyons
U.S. Probation Officer